UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

KURTIS WILLIAMS,
   Plaintiff,

vs.    No. 04-1428

FRANCIS MELVIN, et. al.,
   Defendants

### ORDER

This cause is before the court for consideration of the defendants' motion to dismiss the complaint [d/e 36], the plaintiff's motion for summary judgement [d/e 41], the defendants' motion for summary judgement [d/e 51], the plaintiff's motions to compel [d/e 62, 67], and the plaintiff's motion to substitute parties. [d/e 64]

### I.  BACKGROUND

The plaintiff originally filed his lawsuit pursuant to 42 U.S.C. §1983 against thirteen defendants from the Pontiac Correctional Center. The plaintiff's 30-page handwritten complaint was rambling and difficult to follow. The plaintiff had also attached 181 pages of exhibits to his complaint. The court struck the exhibits as a violation of Rule 8 of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 8.

On February 7, 2005, the court conducted a merit review of the plaintiff's complaint and the plaintiff participated by video conference. The court found that the plaintiff had adequately alleged the following claims:

1) Defendants Francis Melvin, Michael Melvin, Cletus Shaw, Stephen Smith, Jack Libby, Roger Walker, David Lingle, Erika Howard and Anabelle Motteler violated the plaintiff's Eighth Amendment rights when they were deliberately indifferent to his serious medical condition.

2) The same defendants violated the plaintiff's due process rights during a disciplinary hearing held on December 27, 2002.

The claims are against the defendants in their individual capacities only. All other claims and defendants were dismissed.

### II. MOTION TO DISMISS

A. FACTS

The plaintiff's complaint alleges that in December of 2002 he was assigned to work on the south upper serving line. His job entailed lifting and moving serving trays. The plaintiff says the repeated bending and lifting aggravated a previous back injury causing him great pain. He says he complained to his job supervisor Jody Runyon, but she took no action. The plaintiff also says he filed several grievances about his back pain, but nothing was done.

The plaintiff says on December 20, 2002, he told Runyon that he could no loner move due to the pain. He was ordered back to his job. When the plaintiff still attempted to request medical attention, Defendant Francis Melvin wrote a disciplinary ticket against the plaintiff and had him taken to segregation. The plaintiff says he was still not allowed to see medical personnel.

The plaintiff says in segregation he was not allowed any writing instruments and could not write down the names of his witnesses or prepare a written statement. On December 27, 2002, the plaintiff says he appeared before the Adjustment Committee of Stephen Smith and Cletus Shaw and was still not allowed witnesses or to present a written statement. The plaintiff was found guilty and lost privileges, but he did not lose any good time credits.

The defendants have now filed a motion to dismiss the plaintiff's Eighth Amendment and Due Process claims.

B. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of complaints that state no actionable claim. It is well established that pro se complaints are to be liberally construed. Haines v. Kerner, 404 U.S. 519 (1972), reh'g denied, 405 U.S. 948 (1972). See also Tarkowski v. Robert Bartlett Realty Co., 644 F.2d 1204 (7th Cir. 1980). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines, 404 U.S. at 521.

When considering whether to dismiss a complaint for failure to state a claim, the court takes the allegations in the complaint as true, viewing all facts and reasonable inferences drawn from those facts in the light most favorable to the Plaintiff. Bethlehem Steel Corp. v. Bush, 918 F.2d 1323, 1326 (7th Cir. 1990).

C. ANALYSIS

The defendants first argue that the plaintiff has failed to state a claim that the defendants violated his Eighth Amendment rights because the plaintiff has failed to state he suffered from a serious medical condition. "The plaintiff has not pled that his back condition on the date in question was so severe that a lay person could have easily recognized the necessity for a doctor's attention." (Def. Memo, p. 3) The court disagrees. The pro se plaintiff stated that on December 20, 2002, he informed the defendants that his back pain was so great that he could not move.

The defendants also argue that the remaining defendants are entitled to qualified immunity because "they carried out their duties concerning the plaintiff pursuant to facially valid orders from Defendant Francis Melvin." (Def. Memo, p. 5) Again, the court disagrees. The plaintiff's complaint does not specifically allege that these defendants took him to segregation. Instead, the plaintiff appears to alleges that the defendants ignored his claims that he was suffering back pain. Also, any evidence of a particular order from a supervising officer and what a defendants knew about any particular order is best left for a motion for summary judgement.

The plaintiff has filed a response to the motion to dismiss that causes some concerns about whether the proper defendants are in this case. The plaintiff first says he has stated a claim of deliberate indifference to his medical condition against Defendants Francis Melvin and Jody Runyon. The court dismissed Defendant Jody Runyon after merit review, but agrees after further review of the complaint that Runyon should be reinstated as a defendant in this case. The plaintiff further states that his due process claim is against Defendants Walker, Shaw and Stephen Smith. The plaintiff says the remaining defendants "have nothing to do with" this claim. (Plain. Resp, p. 1) The plaintiff's complaint did include a "catch-all" phrase that the defendants ignored his complaints about back pain, but the plaintiff now clarifies that Defendants Motteler, Howard, Lingle, Libby and Michael Melvin were named in the claims the court dismissed. (Plain. Resp., p. 1) The court will therefore dismiss these defendants from the lawsuit.

The defendants finally argue that the plaintiff has failed to state a denial of his due process rights. The defendants are correct. "To establish a procedural due process violation, a prisoner must demonstrate that the state deprived him of a liberty or property interest created either by state law or the Due Process Clause itself." DeWalt v. Young, 224 F.3d 607, 613 (7th Cir.citations omitted). The plaintiff does have a constitutionally protected interest in the good time credits he has earned. Whitlock v. Johnson, 153 F.3d 380, 385 (7th cir. 1988). However, the plaintiff admits he did not lose good time credits. Additionally, disciplinary segregation itself does not necessarily implicate the due process clause, if "such segregation does not impose an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472 (1995); Wagner v. Hanks, 128 F.3d 1173, 1176 (7th Cir. 1997). The plaintiff has not demonstrated that any of the discipline imposed deprived him of a protected liberty or property interest. *See also* Whitford v. Boglino, 63 F.3d 527, 533 n. 7 (7th Cir. 1995) (Demotion in grade status does not implicate federal due process rights.); Nance v. Vieregge, 147 F.3d 589, 590 (7th Cir. 1998)(Loss of commissary privilege does not affect a liberty or property interest); Tullis v. DeTella 1999 WL 90650 at 4 (N.D. Ill 1999)

3

(loss of audio-visual privileges is not an atypical and signification deprivation).  The court will therefore dismiss Defendants Walker, Shaw and Stephen Smith.

### III.  PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT

The plaintiff has filed a motion entitled " Motion for Summary Judgement" [d/e 41]   The plaintiff is apparently asking for summary judgement against the defendants because they were allowed extensions of time to file a response to his complaint, and because the defendants did not file a reply to plaintiff's response to the motion to dismiss.   This is not a proper motion for summary judgement and there is no basis for the court to grant this motion.  The motion is denied.

### IV. MOTIONS TO COMPEL DISCOVERY

The plaintiff has filed two motions to compel discovery after the court received the dispositive motions. [d/e 62, 67]   In the first motion, the plaintiff states that the defendants have failed to respond to his requests.   However, the defendants have filed a response stating that they did reply, although they missed the deadline by a few days.   The motion to compel is denied. [d/e 62].

In the second motion to compel, the plaintiff object to the responses provided by the defendants.  Specifically, he plaintiff asks for:

> Any and all audits relating to but not limited to: Procedures and notification
> to the Warden of procedures and placement of inmates in segregation and
> Complaints, Discipline, and findings by Springfield administrators and
> internal affairs regarding any findings or disciplinary findings on any staff
> or all named Defendant in this action, relating to but not limited to: the year 2002
> and 2003. (Mot. Comp)

The defendants objected stating that the request was vague and not relevant.  The court agrees that this request is not relevant and it is over broad.  Most importantly, it is not relevant to the remaining claim concerning deliberate indifference to a medical condition.  In addition, this request is over broad.

The plaintiff next requests "any and all 'administrative decisions' reports filed by any of the defendants in this action relating to Kurtis M. Williams for the year 2002 or 2003." (Mot. Compel).  The defendants objected that the request was vague due to the term "administrative decisions".   The request is now moot since the court has dismissed the due process claim.

The plaintiff requests various information concerning any video recordings of events in the dining room on December 19, 2002 and December 20, 2002.   The plaintiff was originally told that no such recordings exist.  He responded by asking various interrogatories wanting to know why there

4

are cameras in the dining room and why the recordings were ordered to be destroyed.

The defendants have responded by informing the plaintiff that the images are automatically destroyed unless someone takes steps to retrieve certain recordings. The system simply continues to record over old images after a set period of time. In this case, by the plaintiff's own rendition of events, he complained about back pain and was ignored. He was then taken to segregation. This is not the kind of event that on its own would prompt the saving of the recorded images. More importantly, the plaintiff has not stated that he made a request to save the recording within the required time frame. The motion to compel is denied. [d/e 67]

## V. DEATH OF DEFENDANT

The defendants have filed a suggestion of death stating that Defendant Francis Melvin has died during the pendency of this action. The plaintiff has filed a motion to substitute parties, but has not named an alternative defendant. The court is aware from other pending litigation that Jennifer Melvin has been named the personal representative for Mr. Melvin's estate.[1] However, the plaintiff has not filed a proper motion to substitute parties. Rule 25 of the Federal Rules of Civil Procedure states:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party ... and, together with the notice of hearing, shall be served ... upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Fed. R. Civ. P. 25 (a)(1).

The plaintiff has not named a substitute defendant, has not served a substitute defendant and has not requested that the U.S. Marshals serve a substitute defendant. The court notes that the plaintiff was granted *in forma pauperis* status. The plaintiff may file a motion to substitute defendants and ask the court to direct the U.S. Marshal's to serve the motion upon Jennifer Melvin. However, due to the volume and cost to the U.S. Marshal's office, service is attempted by mail. If the plaintiff wishes to ensure that Ms. Melvin is served, he should obtain personal service under Rule 4 of the Federal Rules of Civil Procedure. The plaintiff has 90 days for the date of this order to file an appropriate motion for substitution.

## CONCLUSION

The plaintiff's motions to compel discovery and motion for summary judgement are all denied. [d/e 41, 62, 67]. The defendants motion to dismiss the complaint is granted in part and denied in part. The plaintiff's sole surviving claim is that Defendants Francis Melvin and Jody Runyon were

---

[1] *See May v Mote*, 03-1295

deliberately indifferent to his serious medical condition. The court will reinstate Jody Runyon as a defendant in this case. All other claims and defendants are dismissed**.**

Due to adding Runyon as a defendant, the court will allow a brief extension of the discovery period solely for the purpose of allowing the plaintiff to obtain any additional discovery pertaining to this defendant. The court will only allow limited discovery pertaining to the plaintiff's allegation that Runyon was deliberately indifferent to his medical care. This discovery must be completed on or before February 1, 2007.

In addition, the court will dismiss the defendants' motion for summary judgement filed only on behalf of Defendant Melvin with leave to renew. [d/e 51]

The plaintiff has also been advised the Defendant Melvin has died during the pendency of this action. The plaintiff has 90 days from the date of this order to file a proper motion to substitute parties.

**IT IS THEREFORE ORDERED that:**

**1) The defendants motion to dismiss the complaint is granted in part and denied in part.[d/e 36]   The court denies the motion to dismiss the plaintiff's claim that the defendants were deliberately indifferent to his medical condition. The court grants the defendants motion to dismiss the due process claim.**

**2) The clerk of the court is directed to reinstate Defendant Jody Runyon. The clerk is directed to fill out the appropriate Waiver or Service and Notice of Lawsuit forms and mail them to the appropriate correctional facility.**

**3) The clerk of the court is directed to dismiss Defendants Motteler, Howard, Lingle, Libby, Michael Melvin, Walker, Shaw and Stephen Smith from this lawsuit. The sole surviving defendants are Francis Melvin and Jody Runyon.**

**4) The plaintiff's motion for summary judgement is denied. [d/e 41]**

**5) The defendants' motion for summary judgement is denied with leave to renew. [d/e 51]**

**6) The plaintiff's motions to compel are denied. [d/e 62, 67]**

**7) The plaintiff's motion to substitute parties is denied. [d/e 64]**

**8) The court will abide by the following scheduling deadlines:**
**a) the defendants must file an answer to the complaint on or before January 2, 2007.**
**b) any additional discovery concerning Defendant Runyon must be completed by February 1, 2007.**
**c) the plaintiff has 90 days from the date of today's order to file an appropriate motion to substitute parties.**
**d) any dispositive motions must be filed on or before March 1, 2007.**

Enter this 20th day of October, 2006.

                       s\Harold A. Baker
        _____
                       HAROLD A. BAKER
                UNITED STATES DISTRICT JUDGE