UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

KURTIS WILLIAMS,
    Plaintiff,

vs.                                                                 04-1428,

JODY RUNYON,
    Defendant.

## CASE MANAGEMENT ORDER

    This cause is before the court by video conferencing for a pretrial conference. The plaintiff appeared pro se and the defendant was represented by IAAG Jason Young. The plaintiff has one surviving claim that Defendant Jody Runyon violated his Eighth Amendment rights when he was deliberately indifferent to the plaintiff's serious medical condition.

    During the hearing, the court asked the plaintiff if he had received and reviewed the proposed pretrial order and further if the plaintiff had any objections to the document. The plaintiff stated that he had reviewed the order and did request two corrections: 1) the damage estimate was inaccurate; and 2) the plaintiff no longer planned to call seven of the 16 listed witnesses. The corrections were made and the court ordered the Clerk of the Court to enter the corrected Pretrial Order.

    The court also addressed the plaintiff's earlier motion for appointment of a medical expert. The court had previously denied the motion, but asked the defendants to provide the court with a copy of the plaintiff's medical record. *See* July 30, 2008 Minute Order.

    The plaintiff's specific claim involves an incident that occurred while he was working in the kitchen at Pontiac Correctional Center on December 20, 2002. The plaintiff says he experienced back pains which prevented him from doing his job. The plaintiff says Supervisor Runyon was aware of his history of back problems and in the past had allowed him to rest for a few minutes. However, on this day, the plaintiff alleges that Runyon ignored his claims. The plaintiff says when he could no longer do his job, he was written up for refusing to do his job. Runyon's disciplinary report claims the plaintiff did not claim back pain until he was threatened with discipline for failing to do his job. The plaintiff was taken to the segregation unit, not the health care unit.

    In a motion for summary judgement, the only recent medical record indicating back pain was on December 5, 2002. The plaintiff complained that he had been experiencing back pain for approximately a week and rated his pain as a 5 on a scale of 0 to 10.

    The plaintiff states that he needs a medical expert to confirm his back problem. The plaintiff says while in Dixon Correctional Center, from 1994-1995, he had "sacroiliac joint pain/diagnosis, treatment." (Plain. Mot. p. 2) When he went to Stateville Correctional Center

from 1999 to 2001, he also had sacroiliac joint pain treatment, physical therapy, medication and back brace.   The plaintiff says when he arrived at Pontiac Correctional Center in early 2002, his complaints of back pain were ignored.

The medical records do not reflect any on-going complaints of back pain or treatment once the plaintiff entered Pontiac Correctional Center.  However, the plaintiff did receive on-going medical care for other medical issues.  The court does not believe the appointment of a medical expert is appropriate or necessary in this case.

Rule 706 of the Federal Rules of Civil Procedure allow a trial judge broad discretion in the appointment of an independent expert.  "The most important factor in favor of appointing an expert is that the case involves a complex or esoteric subject beyond the trier-of-fact's ability to adequately understand without expert assistance." 29 Charles Wright and Victor Gold, *Federal Practice and Procedure: Evidence* §6304 (1997).   That is not the case before the court.

The plaintiff has not brought a medical malpractice claim, he is claiming that a work supervisor was deliberately indifferent to his serious medical condition.  The plaintiff must satisfy a two-prong test in order to establish that the defendant violated his Eighth Amendment rights. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  The plaintiff must establish that: (1) the medical need alleged is objectively serious; and (2) the defendant was deliberately indifferent to the plaintiff's health and safety.  *Zentmyer v. Kendall Co.*, 2000 WL 760690, at 4 (7th Cir. 2000).

Liability attaches under the Eighth Amendment when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).  This "deliberate indifference" to the inmates medical needs does not encompass negligence or even gross negligence.  *Reed v. McBride*, 178 F.3d 849, 852 (7th Cir. 1999) *citing Salazar v. City of Chicago*, 940 F.2d 233, 238 (7th Cir. 1991); *Farmer v. Brennan*, 511 U.S. 825, 836 (1994).

The plaintiff says he was denied medical care for his back when he was transferred in early 2002.  The plaintiff says he did receive treatment for back pain at prior institutions.  This information is in the plaintiff's medical records although the court notes that most of this treatment for back pain was several years prior to the incident in this complaint.   The plaintiff does not need a medical expert to explain the back pain he experienced on December 20, 2002.  The plaintiff can demonstrate whatever problem he was experiencing through is own testimony and that of witnesses.  The symptoms the plaintiff complaints of are "not beyond a lay person's grasp." *See Ledford v. Sullivan,* 105 F.3d 354, 359-60 (7th Cir. 1997).

In addition, the defendant in this case is not a doctor or medical worker.  Medical records will not establish what the defendant knew or did not know about the plaintiff's back problems.  The plaintiff again can establish this information from his own testimony and that of any witnesses.   Given the facts of this case, determining deliberate indifference is not so complicated that an expert is required to establish the plaintiff's case. *Ledford,* 105 F.3d at 359.

Finally, the plaintiff says he has filed a motion asking the court to reconsider various orders including the denial of his motion for appointment of counsel. The court has not yet received this motion. The court will consider the motion when it is received. Nonetheless, the court did remind the plaintiff that civil litigants have no federal right to appointed counsel. The district court may request appointment of counsel under 28 U.S.C. § 1915(e)(1), but cannot force an attorney to accept appointment. *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir.1997). To decide whether counsel should be requested, the court asks, "'[G]iven the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?'" *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). "Although a good lawyer may [do better than a *pro se* plaintiff], that is not the test, for if it was "'district judges would be required to request counsel for every indigent litigant.'" *Luttrell*, 129 F.3d at 936.

The court notes that the plaintiff has demonstrated through his various filings and court hearings that he is intelligent, well-spoken and capable of representing himself.

**IT IS THEREFORE ORDERED that the plaintiff's renewed motion for appointment of a medical expert is denied.**

ENTERED this 13th day of November, 2008.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE