UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

KURTIS WILLIAMS,
    Plaintiff,

vs.                                          04-1428

FRANCIS MELVIN, et.al.,
    Defendants.

## ORDER ON POST TRIAL MOTIONS

This cause is before the court for consideration of several post trial motions including: the plaintiff's motion for a new trial [d/e 169]; the plaintiff's motion for a directed verdict [d/e 180] and the plaintiff's motion for reconsideration. [d/e 173]

## I. BACKGROUND

The plaintiff filed his complaint pursuant to 42 U.S.C. §1983 alleging that his constitutional rights were violated at Pontiac Correctional Center. The case proceeded to jury trial on the plaintiff's claim that Kitchen Supervisor Jody Runyon was deliberately indifferent to the plaintiff' serious medical condition on December 20, 2002. The plaintiff alleged that Defendant Runyon was aware of his history of back problems. Nonetheless, on this day the plaintiff claimed Runyon ignored the severe pain he was suffering and when he could no longer do his job, he received a disciplinary ticket. Defendant Runyon claimed the plaintiff did not complain about back pain until after he was threatened with discipline for not doing his job. The jury returned a verdict for the defendant.

## II. MOTION FOR A NEW TRIAL

The plaintiff has filed a motion for a new trial pursuant to Federal Rule of Civil Procedure 59. [d/e 169]  A motion for a new trial "is a device properly used to correct manifest errors of law or fact or to present newly discovered evidence." *Fort Howard Paper Co. v. Standard Havens, Inc.,* 901 F.2d 1373 n. 4 (7th Cir. 1990).

The plaintiff says he was denied a fair trial based on various errors including: 1) in inclusion of Defense Exhibit #2; 2) the prejudice he suffered based on his failure to receive medication for his medical conditions; 3) the plaintiff was unprepared; and, 4) the denial of various pretrial objections and motions.

The plaintiff objects to the fact that Defendant's Exhibit Two, his medical record, was

admitted. The plaintiff argues that he was not given enough time to review this record, it was missing X-ray reports from 2002 and he did not have access to this record prior to trial. First, the plaintiff did not object to the exhibit at trial. Second, the plaintiff clearly had access to his full medical record prior to trial. The plaintiff listed his complete medical file as one of his exhibits in the pretrial order [d/e 142. p. 13] and used medical records repeatedly in support of his motions or responses to motions. [d/e 57, p. 51; d/e 60, p 8-15; d/e 91, p. 93-96; d/e 92,p. 10-14; d/e 123, p. 86-89, 108-126]. In addition, the court reviewed the plaintiff's entire medical file in considering the plaintiff's motion for appointment of a medical expert and noted that the only recent medical record supporting his claims of back pain was on December 5, 2002. This was not an X-ray, but was made available to the jury. Third, the plaintiff has the opportunity to present medical records in support of his claims at trial.

The plaintiff says he had not received his medication prior to trial and did not feel well during the trial. Nonetheless, the plaintiff never raised these concerns during the trial.

The plaintiff says he was not prepared to go to trial and was denied a fair trial because he did not have counsel, did not have an opportunity to talk to all witnesses prior to trial and did not have a medical expert. This case was pending for over four years. During that time, the plaintiff actively participated in the discovery process filing numerous discovery motions. [d/e 47, 49, 62, 67, 73, 74]. The plaintiff filed motions for summary judgement [d/e 41, 83]; motions for judgement as a matter or law [d/e 107]; a motion for default judgement [d/e 110]; a motion to authenticate documents for trial [d/e 126] and a motion properly pointing out that some of the money he had paid should be reimbursed. [d/e 117, May 5, 2008 Court Order.] The court assisted the plaintiff in locating potential medical witnesses and also arranged for the plaintiff to interview one doctor by video conferencing. *See* January 25, 2008 Text Order; February 4, 2008 Court Order; February 13, 2008 Court Order and February 15, 2008 Court Order. In addition, the court reviewed the plaintiff's entire medical file before determining that appointment of a medical expert was not appropriate in this case.[d/e 144]. The court also noted that the plaintiff had "demonstrated through his various filings and court hearings that he is intelligent, well-spoken and capable of representing himself." November 13, 2008 Court Order, p. 3. The plaintiff has presented no evidence in support of his claim that he was unprepared to go to trial.

The plaintiff finally argues that he was denied a fair trial because the court denied various pretrial motions. The court addressed each an every one of the plaintiff's concerns prior to trial and the plaintiff has presented no valid basis for granting a new trial. *See* November 13, 2008 Court Order; December 2, 2008 Court Order.

The plaintiff has presented one final argument in his "motion for relief from judgement." [d/e 173] The plaintiff says his case was prejudiced because the court allowed "department of corrections employees such as Steven Smith to correlate his testimony according to the testimony of witnesses such as inmates who were testifying for the plaintiff or the medical

technician or doctors to mitigate or minimize the credibility of the plaintiff." [d/e 173, p. 3]

The plaintiff has offered no evidence to support his claim, nor any evidence that any witness testimony was impacted.  Most of the witnesses testified by video conferencing from two separate correctional centers.   The court further notes that no motion was made to exclude witnesses during testimony, each witness took an oath before testifying and the plaintiff had the opportunity to cross-examine each witness.   The motion for a new trial is denied. [d/e 169, 173]

### III. JUDGEMENT AS A MATTER OF LAW

The plaintiff has filed a motion for judgement as matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure. [d/e 170].   The court notes that the plaintiff was given the opportunity to make a Rule 50 motion at the close of all evidence at trial, but the plaintiff made no such motion.  The plaintiff now claims the defendants did not prove one of their claims in opening statements.  Even if the plaintiff was correct, the jury was instructed that opening statements were not evidence.   The plaintiff then argues that the defendants did not present sufficient evidence to counter his claim that the plaintiff was deliberately indifferent to his serious medical needs.   The plaintiff has offered no new basis for his motion, and the motion is denied. [d/e 170]

### IV. REMAINING MOTIONS

The plaintiff's motion for a free transcript of the jury trial is denied. [d/e 175].   The plaintiff has not provided specific information concerning his current financial status. The plaintiff's motion for a ruling on his post trial motions and a status report are denied as moot. [d/e 174, 176,177]


**IT IS THEREFORE ORDERED that;**

**1) The plaintiff's motion for a new trial pursuant to Federal Rule of Civil Procedure 59 [d/e 169] and  motion for relief from judgement [d/e 173] are denied.**

**2) The plaintiff's motion for judgement as matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure is denied. [d/e 170]**

**3)The plaintiff's motion for a free transcript of the jury trial is denied. [d/e 175]**

**4) The plaintiff's motion for a ruling on his post trial motions and a status report are denied as moot. [d/e 174, 176,177]**

Entered this 18th Day of October, 2010.

**\s\Harold A. Baker**

_____

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE